O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHASE DAVIS, | ) | CASE NO. ED CV 10-00255 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

   The central question presented by this Social Security disability action is whether the Administrative Law Judge was justified in rejecting the opinion of Plaintiff's treating physicians. Plaintiff's two treating physicians, on questionnaires, evaluated Plaintiff as having limitations that would render him disabled. The questionnaires directed the person answering to make his or her assessment apart from the effects of drug or alcohol use or abuse. The Administrative Law Judge rejected the findings of the treating physicians, and held that Plaintiff was not disabled.

   Additional arguments posed by Plaintiff, such as the absence of a complete hypothetical question to the vocational expert, depend on the resolution of this issue about the correctness of rejecting the treating physicians' opinions. So too does Plaintiff's argument that the Administrative Law Judge did not fully consider the opinions of the treating physicians. While the Administrative Law Judge did not discuss each piece of

evidence evaluated by the treating physicians, he accepted their assessment of Plaintiff, except as to the effect of alcohol or drug use on Plaintiff's condition. Thus, the primary issue remains, as to whether the Administrative Law Judge was within his rights in rejecting the treating physicians' opinions. The Court concludes that he was.[1]

The opinion of a treating physician is not to be lightly disregarded; indeed, it is preferred, and is to be considered even when it is not entitled to controlling weight. *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001); *Holohan v. Massanari*, 246 F.3d 1195, 1201-03 (9th Cir. 2001). Nevertheless, especially where another doctor gives a conflicting opinion, the Administrative Law Judge can reject the treating physician's opinion if he gives specific and legitimate reasons for doing so, and those reasons are backed by substantial evidence in the record. *Ryan v. Commissioner of Social Security*, 528 F.3d 1194, 1198 (9th Cir. 2008), *quoting Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). That is the situation here.

A number of such reasons appear in the Administrative Law Judge's opinion. Thus, he noted that Plaintiff admitted that he was much improved when he was medication compliant [AR 266]; that Plaintiff reported no hallucinations shortly after treatment, and said he was feeling a lot better [*id.*]; that he had some reported success in his drug treatment program [*id.*]; that, in the opinion of the consultative psychiatrist, the fact that Plaintiff could describe his psychosis in an objective manner contradicted any claim of being psychotic at the time, and that his was the type of typical claim seen in the clinic by persons feigning psychosis [*id.*]; that, on a longitudinal basis, Plaintiff was responsive to medications, with recession of psychotic symptoms and prominent mood swings [AR 267]; that, when he was off drugs, he was stable without symptoms and, according to the

---

[1] Plaintiff adds one additional argument: that the Administrative Law Judge did not consider the side effects of Plaintiff's medications. Plaintiff then goes on to give the results of his internet research, detailing potential side effects of the various medications he has taken. This proves nothing. All medications have potential side effects, and the fact that Plaintiff can conjure up a listing of them shows nothing about a claim for disability. Plaintiff has identified nothing in the record to intimate that any of his behaviors or capabilities are affected by medication.

testifying medical expert, this was reflective of a person who abuses drugs and/or alcohol [*id.*]; and that, according to the medical expert, there was no long-term period in the record where the Plaintiff *had* abstained from alcohol and drugs [AR 68].

All these are sufficient reasons to discredit the opinion of the treating physicians that Plaintiff's drug and alcohol abuse did not materially affect his ability to work. Specific evidence, such as that identified above, combined with the opinions of the consulting physicians, is a basis upon which to determine not to accept the treating physician's opinion. *Morgan v. Apfel*, 169 F.3d 595, 602-03 (9th Cir. 1999); *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190 (9th 2004). Having given specific and legitimate reasons, backed by substantial evidence in the record, for preferring the opinions of the consultants over those of the treating physicians, the Administrative Law Judge complied with the law's requirements. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: November 30, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE